UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK COMACHO, | Case No. CV 13-176 PA (MRW) |
| Plaintiff, | |
| vs. | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| PAUL TANAKA, et al., | |
| Defendants. | |

The Court vacates the reference of this action to the Magistrate Judge and dismisses the matter without prejudice.

\* \* \*

This is a prisoner civil rights action involving a former prisoner housed at Los Angeles County Men's Central Jail (MCJ). Plaintiff alleged that MCJ staff failed to perform a medical test ordered by his physician, and that the staff beat him after his release from the medical wing of the facility.

1  Magistrate Judge Wilner reviewed the original complaint pursuant to the
2  Prison Litigation Reform Act. (Docket # 6.) Judge Wilner ordered the complaint
3  to be served on only one Defendant named in the complaint – Deputy Pontonantos.
4  However, Judge Wilner determined that Plaintiff failed to plead a plausible cause
5  of action against the remaining Defendants. Judge Wilner ordered Plaintiff to file
6  an amended complaint. (Id.) Plaintiff did not attempt to file an amended
7  complaint by the Court's deadline to cure those defects.

8  The U.S. Marshals Service was unable to serve Defendant Pontonantos: the
9  Los Angeles County Sheriff's Department indicated that there was no staff member
10 by that name. The Court directed Plaintiff to provide the correct name and service
11 address for Defendant Pontonantos or face dismissal of the action. (Docket # 9.)
12 The Court expressly advised Plaintiff that failure to provide valid service
13 information by the Court deadline would lead to the dismissal of the action under
14 Federal Rule of Civil Procedure 41(b). Plaintiff failed to provide any updated
15 information regarding this defendant in response to the Court's order.

16                                        * * *

17 Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to
18 prosecute or to comply with these rules or a court order, a defendant may move to
19 dismiss the action or any claim against it." Dismissal also may be ordered by the
20 Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal
21 of a civil action under Rule 41 may be appropriate to advance the public's interest
22 in the expeditious resolution of litigation, the court's need to manage its docket,
23 and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d
24 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.
25 1992). Additionally, a court should consider the public policy favoring disposition
26 of cases on their merits and the availability of less drastic alternatives in its

2

evaluation.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

In the current case, the Court finds dismissal is appropriate.  Plaintiff failed to comply with the Court's clear and direct instructions on several occasions.  Plaintiff did not attempt to amend his complaint by the deadlines that the Court set.  Plaintiff also did not provide the Court with the correct name and address to serve the sole remaining Defendant.

Plaintiff's conduct has unnecessarily delayed the litigation.  As a result, the Court, the government, and the public have a strong interest in terminating this action.  Furthermore, because Plaintiff is a pro se litigant who has not responded to the Court's most recent notice about the status of the case, no sanction short of dismissal will be effective in moving this case forward.  Carey, 856 F.2d at 1440.

Therefore, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: August 29, 2013

_____
HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE